UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| KATHARINE CHISHOLM ALMY, ) | Case No. 25-60407 |
| ) | |
| Debtor. ) | |

**(I) EMERGENY MOTION TO RECONSIDER AND VACATE ORDER DISMISSING CASE AND FOR ENTRY OF AN ORDER DIRECTING THE DEBTOR TO APPEAR AT HER MEETING OF CREDITORS SCHEDULED FOR MAY 9, 2025; AND (II) MOTION TO SHORTEN NOTICE**

Matthew W. Cheney, Acting United States Trustee for Region 4 (the "**U.S. Trustee**") moves the Court for entry of an order: (1) pursuant to Rule 59 of the Federal Rules of Civil Procedure ("**Rule 59**") as incorporated by Rule 9023 of the Federal Rules of Bankruptcy Procedure ("**Rule 23**") or, in the alternative, pursuant to Rule 60 of the Federal Rules of Civil Procedure ("**Rule 60**") as incorporated by Rule 9024 of the Federal Rules of Bankruptcy Procedure ("**Rule 24**") reconsidering and vacating the order [ECF No. 14] (the "**Dismissal Order**") dismissing Katharine Chisholm Almy's (the "**Debtor**") case; (2) pursuant to 11 U.S.C. §§ 105(a), 341, 343, and 521(a)(3) directing the Debtor to appear at her meeting of creditors scheduled for May 9, 2025; and (3) shortening the notice of hearing. In support of this motion, the U.S. Trustee respectfully states as follows:

BACKGROUND

*General Case Information*

1. Frank L. Robinson, III is the beneficiary of a deed of trust related to a debt of more than $500,000.00. The collateral is the Debtor's residence. On March 21, 2024, Frank L. Robinson, III filed a complaint against the Debtor and her estranged spouse, Charles Almy. Trial was scheduled for April 7, 2025

1

2. On April 6, 2025, the Debtor commenced this case by filing a voluntary petition [ECF No. 1] for relief under chapter 7 of the Bankruptcy Code, which petition is incorporated by reference.

3. After the Debtor filed her voluntary petition, the U.S. Trustee appointed Hannah W. Hutman as the Debtor's interim chapter 7 trustee (the "**Chapter 7 Trustee**").

4. The Debtor's meeting of creditors was scheduled for May 9, 2025.

5. The Debtor did not file all required schedules and statements with the petition.[1] Rather, the Debtor filed just the seven page petition along with a list of creditors that contained eight creditors inclusive of the "Katharine C Almy 2021 Trust" (the "**Trust**").

6. Upon information and belief, Meta T. Chisholm is the Debtor's mother and the trustee of the Meta T. Chisholm Trust (the "**Chisholm Trust**").

7. Allegedly, the Debtor and her spouse borrowed certain funds from the Chisholm Trust and signed a promissory note to the Chisholm Trust. Upon information and belief, the Debtor and her spouse granted the Chisholm Trust a lien on the Debtor's property commonly known as 350 Bloomfield Road, Charlottesville, Virginia (the "**Residence**"). On September 10, 2004, an assignment was filed in the land records by which the Chisholm Trust assigned its interests in the promissory note and deed of trust to Expedition Trust Company.

8. Upon information and belief, Expedition Trust Company is the trustee of the Trust.

9. Upon information and belief, the Debtor is a beneficiary of the Trust.

10. The day after the petition date, the Court entered an order [ECF No. 6] (the "**Deficiency Order**") requiring the Debtor to file Official Forms 106A/B-106J, 106Sum, 106Dec,

---

[1] The Court can, and is requested to, take judicial notice of the docket for this case. Fed. R. Evid. 201.

2

107, and 122A-1 (collectively, the "**BOS**").[2] The Order is incorporated by reference. The Order provided that:

> that failure to cure said deficiency(ies) within fourteen (14) days from the date the petition was originally filed, or to file a pleading within such time requesting a hearing upon such asserted deficiency(ies), may result in dismissal of the case, or sanctions being imposed, or such other remedy as the Court deems appropriate, without further notice or hearing.

11. According to the certificate of service filed on April 9, 2025, an agent of the Bankruptcy Noticing Center mailed the Deficiency Order to the Debtor at her address of record by First Class mail. Additionally, Debtor's counsel received electronic notifications of filing at two email addresses. The certificate of service filed at ECF No. 8 is incorporated by reference.

12. After 5:00 p.m. on April 21, 2025, the Debtor, by counsel, filed a motion to extend the deadline to file her BOS [ECF No. 10] (the "**Motion to Extend**"), which motion is incorporated by reference. According to the Motion to Extend, Debtor needed additional time to prepare the BOS because of the complexity of her "financial and legal circumstance[s.]"

13. By order entered on April 29, 2025, the Court granted the Motion to Extend and extended the deadline for the Debtor to file her BOS to Friday, May 2, 2025. The order at ECF No. 13 is incorporated by reference.

14. The Debtor did not file her BOS prior to 11:59 p.m. on May 2, 2025.

15. On Monday, May 5, 2025, at 10:24 a.m. the Court entered an order dismissing the Debtor's case [ECF No. 14] (the "**Dismissal Order**") before counsel for the U.S. Trustee could draft and file a motion seeking to prevent the dismissal of the case.

*Debtor's Counsel*

16. William Harville ("**Counsel**") represented the Debtor in the case.

---

[2] The Order also required the Debtor for file Official Form 2030 which is a disclosure of compensation signed by counsel.

3

17. Counsel has not filed a disclosure of compensation in this case.

18. In another case, the United States Trustee, Counsel, and the standing chapter 13 trustee, Angela M. Scolforo, negotiated the terms of an order governing certain aspects of Counsel's practice before this Court (the "**Practice Order**"). On August 15, 2023, the Court entered the Practice Order. A copy of the Practice Order is attached as Exhibit 1. Among other things, the Practice Order provides that Counsel must "file with the Petition all schedules and statements and include all creditors with the initial filing . . . [i]f this in not possible for any particular debtor(s), [Counsel] shall decline to represent such debtor(s) and shall refer them to other counsel." Ex. 1 at ¶ G.

*The Potential Assets*

19. The Debtor and her spouse co-owned the Residence.

20. The Residence has a tax assessed value of $1,677,500.00.

21. The Virginia Courts Case Information website indicates that the Debtor filed a divorce action against her spouse on October 4, 2022, which filing commenced case number CL22001353-00. The docket for the divorce case indicates that on March 10, 2025, a motion to dismiss was filed because the Debtor's spouse died.

22. Albemarle, Virginia GIS records also indicate that the Debtor owns Parcel ID 03400-00-0012900, which is an 8.71-acre parcel with a tax assessed value of $189,700.00.

23. Albemarle, Virginia GIS records further indicate that the Debtor owns Parcel ID 03400-00-0013000, which is a 4-acre parcel with a tax assessed value of $127,100.00.

24. Upon information and belief, the Debtor has interests in personal property assets.

BASIS FOR RELIEF

*General Legal Framework*

25. The Court may enter any order necessary or appropriate to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a).

26. The filing of the Debtor's petition created an estate and her interests in property became part of that estate. 11 U.S.C. § 541.

27. The Chapter 7 Trustee is charged with the administration of the estate and has a duty to "collect and reduce to money property of the estate" and distribute the proceeds in accordance with the priority scheme established by Congress. 11 U.S.C. §§ 704(a)(1) and 726. The Bankruptcy Code also provides chapter 7 trustees with the power to avoid certain transfers and recover the transferred property. *See e.g.* 11 U.S.C. §§ 544, 545, and 547-551.

28. Debtors are required to file certain schedules and statement, 11 U.S.C. § 521(a), and, absent a timely requested extension, they must be filed within 45 days of the petition date or the case must be dismissed. 11 U.S.C. § 521(i). Further, Debtors are required to appear and be examined under oath at a meeting of creditors. 11 U.S.C. §§ 341 and 343.

29. A chapter 7 debtor does not have an absolute right to obtain the dismissal of his or her case. *Compare* 11 U.S.C. § 706 (providing only for voluntary conversion) *with* 11 U.S.C. § 1306 (providing for conversion or dismissal); *Misty Mt., L.C. v. U.S. Trustee (In re Misty Mt., L.C.)*, 270 B.R. 53, 55 (W.D. Va. 2001). Rather, cause must be shown for a debtor to obtain the voluntary dismissal of his or her case. 11 U.S.C. § 706(a). *Id.*; *In re Elmore*, 2025 Bankr. LEXIS 860 *17 (Bankr. S.C. April 2, 2025); *In re McCullough*, 229 B.R. 374, 376 (Bankr. E.D. Va. 1999).

30. Factors considered in analyzing whether cause exists to approve the voluntary dismissal of a chapter 7 case include:

Case 25-60407   Doc 16   Filed 05/06/25   Entered 05/06/25 17:32:18   Desc Main
Document      Page 6 of 10

>(1) whether dismissal is in the best interests of the debtor; (2) whether dismissal is in the best interest of the creditors; (3) whether dismissal would result in an abuse or manipulation of the [bankruptcy] system; and (4) whether dismissal is justified by compelling equitable principles.

*In re Elmore*, 2025 Bankr. LEXIS at *17. Whether "dismissal is in the best interest of the creditors" is "the most important consideration." *Id.* "A voluntary dismissal will normally be denied when the dismissal will cause some plain legal prejudice to the debtor's creditors." *In re McCullough*, 229 B.R. at 376. "Legal prejudice is found to exist where assets which would otherwise be available to the creditors are not because of the dismissal." *Id.*

31. In connection with the dismissal of a debtor's case and to, among other things, prevent abuse of the bankruptcy system, courts have the power to prohibit a debtor from refiling. 11 U.S.C. §§ 105 and 349.

32. Additionally, the Court may deny a chapter 7 discharge to a debtor that refuses "to obey any lawful order of the court. . . ." 11 U.S.C. § 727(a)(6)(A).

33. All attorneys representing a debtor either in or in connection with a bankruptcy case are required to disclose the compensation "paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation." 11 U.S.C. § 329(a); *see also* Fed. R. Bankr. P. 2016.

34. The default remedy for improper disclosure is full refund of fees. *SE Prop. Holdings, LLC v. Stewart*, 970 F.3d 1255, 1266 (10th Cir 2020) ("The lesson of the case law discussed above is that imposition of the least possible sanction as the standard for violations of § 329(a) and Bankruptcy Rule 2016(b) would not be effective in assuring compliance. Or, to put the matter another way, the least possible sanction to assure compliance by others is generally disgorgement of the entire fee.").

35. If compensation is excessive, a court may cancel a debtor's agreement with counsel for compensation or order the return of such payment to the estate or entity that made the payment. 11 U.S.C. § 329(b); Fed. R. Bankr. P. 2017.

36. The U.S. Trustee may raise and be heard on any issue, 11 U.S.C. § 307, and may, among other things, seek the denial of a debtor's discharge, 11 U.S.C. § 727, or the return of fees from an attorney representing a debtor. 11 U.S.C. § 329.

*Rule 59*

37. The Court may reconsider entry of an order pursuant to Rule 59. Fed. R. Civ. P. 59. A motion for relief must be filed within 14 days after the entry of the order. Fed. R. Bankr. P. 9023(b).

38. Grounds supporting reconsideration include: a change in the law; consideration of newly discovered evidence not available at the hearing; and to correct clear error or prevent manifest injustice. *In re Foster,* 2019 Bankr. LEXIS 3995 *17 (Bankr. M.D.N.C. Feb. 8, 2019).

39. Cause exists for the Court to reconsider and vacate the dismissal order. Here, the Court did not conduct a hearing prior to entering the Dismissal Order and the U.S. Trustee did not have the opportunity to inform the Court, among other things, that,: the U.S. Trustee was investigating the Debtor's case and whether to seek certain relief against the Debtor or Counsel; that the Debtor filed the case on the eve of trial to stop a scheduled trial; or the Debtor owns significant property, some of which may be available for administration by the Chapter 7 Trustee.

40. Debtors should not be allowed to abuse the bankruptcy process by filing cases to stop creditor action and then obtain dismissal without consequences or possible administration of assets by the expediency of not filing schedules and statements. Here, the Court should reconsider and vacate the Dismissal Order so that U.S. Trustee may potentially take action against the Debtor

and may take action against Counsel for, at a minimum, failing to file a disclosure of compensation as required.

41. The Court should also reconsider and vacate the Dismissal Order to prevent manifest injustice. The U.S. Trustee effectively did not have the opportunity to oppose the entry of the Dismissal Order and: the U.S. Trustee desires to have the opportunity to take action in this case; and, given the Debtor's substantial known assets, the Chapter 7 Trustee should have the opportunity to examine the Debtor to determine if there are assets available for administration.

*Rule 60*

42. The Court may vacate an order pursuant to Rule 60. Fed. R. Civ. P. 60.

43. Grounds to vacate an order include: "mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1).

44. Excusable neglect is an "elastic concept" and "is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Servs. V. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993).

45. Here, by the filing of the Motion to Extend, the Debtor conveyed an intention to file the BOS and prosecute her case. The U.S. Trustee had no knowledge the Debtor would fail to file the BOS.

46. Prior to the Debtor's failure to file the BOS by 11:59 p.m. on Friday, May 2, 2025, there was no cause for the U.S. Trustee to file a motion seeking to prevent the entry of the Dismissal Order. The next business day after the Debtor's failure to file the BOS the U.S. Trustee began taking action to prevent the dismissal of the case. Before the U.S. Trustee could file a motion seeking to prevent the entry of such order, the Clerk's Office docketed the Dismissal Order at 10:24 a.m. on Monday, May 5, 2025.

47. Cause exists for the Court to vacate the Dismissal Order.

48. Further, because it has already been 30 days since the Debtor's petition date, cause exists to order the Debtor to appear at and be examined at the meeting of creditors that had been set for May 9, 2025.

*Shortening Notice*

49. Generally, motions must be filed and served at least 7 days before the hearing date. Fed. R. Bankr. P. 9006(d)(1). A court may shorten notice, however. Fed. R. Bankr. P. 9006(c)(1).

50. Cause exists to shorten the notice of hearing on this motion. The Court's next regularly scheduled chapter 7 court date is after the deadline under 11 U.S.C. § 521(i) for the Debtor to filed the BOS. Further, in light of the Debtor's substantial assets, the Chapter 7 Trustee should be given the opportunity to question the Debtor and attempt to determine whether there might be assets available for administration. The meeting of creditors had already been scheduled for May 9, 2025.

WHEREFORE, the U.S. Trustee, by counsel, moves the Court to reconsider and vacate the Dismissal Order, order the Debtor to appear and be examined on May 9, 2025, pursuant to the notice of meeting of creditors issued in this case, and shorten the notice of hearing on this motion.

Date: May 6, 2025

Respectfully submitted,

United States Trustee
By: /s/ W. Joel Charboneau

W. Joel Charboneau (VSB #68025)
210 First Street, S.W., Suite 505
Roanoke, Virginia 24011
Telephone: (540) 857-2699
joel.charboneau@usdoj.gov

## NOTICE OF HEARING

PLEASE TAKE NOTICE that the United States Trustee has filed the foregoing *(I) Emergency Motion To Reconsider And Vacate Order Dismissing Case And For Entry Of An Order Directing The Debtor To Appear At Her Meeting Of Creditors Scheduled For May 9, 2025; (II) Motion To Shorten Notice*. Unless an order is entered prior to the hearing, a hearing on the motion will be held on **May 8, 2024, at 10:00 a.m.** in the **United States Bankruptcy Court for the Western District of Virginia** via Zoom (Meeting ID 160 369 2643).

Certificate of Service

I certify that on May 6, 2025, I caused the foregoing to be electronically filed in the United States Bankruptcy Court for the Western District of Virginia which caused electronic notifications of filing to be served on all registered users of the CM/ECF System that have appeared in this case including counsel for the Debtor.

By: /s/ W. Joel Charboneau
Trial Attorney for the United States Trustee

W. Joel Charboneau (VSB #68025)
210 First Street, S.W., Suite 505
Roanoke, Virginia 24011
Telephone: (540) 857-2699
joel.charboneau@usdoj.gov