**SIGNED THIS 20th day of May, 2025**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

In re:                                                                        **Chapter 7**
**KATHARINE CHISHOLM ALMY,**                              **Case. No. 25-60407**
     Debtor.

## ORDER DENYING MOTION TO VACATE ORDER DISMISSING CASE

On April 6, 2025, Katharine Chisholm Almy by counsel filed a voluntary chapter 7 petition, which is the first and only bankruptcy petition Ms. Almy has filed. *See* ECF Doc. No. 1. With the petition, Ms. Almy filed a creditor matrix containing eight creditors.[1] *See id.* Ms. Almy, however, did not file the required schedules and statements with her petition. Because of the filing deficiency, the Court issued an order on April 7, 2025, listing the outstanding schedules and statements that needed to be filed. *See* ECF Doc. No. 6. The order directed Ms. Almy to file the required schedules and statements within fourteen days of the petition date or the case may be dismissed. *See id.*; *see also* Fed. R. Bankr. P. 1007(c) ("[T]he debtor in a voluntary case must file the documents required by (b)(1), (b)(4), (b)(5), and (b)(6) with the petition or within 14 days after it is filed.").

---

[1] The list of creditors shows Frank L. Robinson III and his counsel, a mortgage creditor, the I.R.S., a bank card creditor, another individual, and a trust. It appears, based on the pleadings filed by the U.S. Trustee, that other than the I.R.S. and a bank card, the creditors are secured or are insiders.

The deadline to file the required schedules and statements under the Federal Rules of Bankruptcy Procedure (and under the Court's deficiency order) was April 21, 2025. On the deadline, Ms. Almy filed a motion to extend time to file the outstanding schedules and statements. *See* ECF Doc. No. 10. The Court granted the motion and entered an order extending the deadline to May 2, 2025. *See* ECF Doc. No. 13. The order was endorsed by counsel for Ms. Almy as well as the chapter 7 trustee. *Id.* On May 5, 2025 (after the May 2, 2025 deadline), the Court dismissed the case because Ms. Almy had still not timely filed the required schedules and statements under the extended deadline. *See* ECF Doc. No. 14.

The following day, on May 6, 2025, the U.S. Trustee filed an "emergency motion to reconsider and vacate" the Court's dismissal order pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure, as incorporated into bankruptcy cases by Rules 9023 and 9024, respectively, of the Federal Rules of Bankruptcy Procedure. *See* Mot., ECF Doc. No. 16. The U.S. Trustee set the motion for a hearing to be held two days later on May 8, 2025. ECF Doc. No. 17. At bottom, the U.S. Trustee's motion takes issue with the fact that the Court dismissed the case "before counsel for the U.S. Trustee could draft and file a motion seeking to prevent the dismissal of the case." Mot. ¶ 15, ECF Doc. No. 16.

The U.S. Trustee posits three reasons the motion should be reconsidered and vacated. First, the U.S. Trustee argues that the dismissal order should be vacated "so that U.S. Trustee may potentially take action against the Debtor and may take action against Counsel for, at a minimum, failing to file a disclosure of compensation," noting that the case was dismissed before the U.S. Trustee could inform the Court that he was investigating the debtor's case. *Id.* ¶¶ 39–40. Next the U.S. Trustee argues the dismissal order should be vacated to "prevent manifest injustice" because the U.S. Trustee did not have the opportunity to oppose the dismissal and "take action in this case,"

2

and the chapter 7 trustee did not have the opportunity to examine the debtor or determine if assets were available for administration. *Id.* ¶¶ 40–41. The U.S. Trustee highlights that the debtor filed the case on the eve of a scheduled trial (thereby stopping the trial) but failed to file her schedules hence subjecting the case to dismissal before any potential administration of possible assets. *See id.* ¶¶ 39–40. Finally, the U.S. Trustee argues the Court should vacate the dismissal order because the U.S. Trustee's delay in filing an action to oppose dismissal was excusable neglect. *See id.* ¶¶ 43–46. The U.S. Trustee implies that the Court's dismissal order is a ploy by Ms. Almy to obtain voluntary dismissal by not filing her schedules and statements, and thus the order should be vacated. *See id.* ¶¶ 29, 40. Underlying this factual assertion is the U.S. Trustee's hope for the possible denial of Ms. Almy's discharge under section 727. *See id.* ¶¶ 32, 36. In addition, the U.S. Trustee requests that the order be vacated so that he may review the fees received by former counsel[2] for Ms. Almy in connection with this case. *See id.* ¶¶ 16–18, 33–36.

The Court held a hearing on May 8, 2025, on the motion to vacate the dismissal order. *See* ECF Doc. No. 22. Ms. Almy, counsel for Ms. Almy, and counsel for the U.S. Trustee appeared. *See id*. After hearing from the parties present, the Court found no basis to vacate the order dismissing the case and denied the motion. *See id*.

***Rule 59***

Bankruptcy Rule 9023, which incorporates Civil Rule 59 into bankruptcy cases, governs motions for a new trial and motions to alter or amend a judgment. *See* Fed. R. Bankr. P. 9023(a). Whether or not to grant a motion under Rule 59 is within the bankruptcy court's discretion. No new trial is necessary as no trial has occurred. Although the standard of review under Rule 59(e)

---

[2] On May 8, 2025, the Court also held a hearing on the motion by counsel for Ms. Almy to withdraw as counsel. *See* ECF Doc. Nos. 19, 23. After hearing from Ms. Almy that she wanted the Court to grant the request, and there being no objection from any other party, the Court granted the motion. *See* ECF Doc. Nos. 23, 24.

3

to alter or amend a judgment is not explicit in the text of the rule, generally courts find that altering or amending an order is appropriate "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

In support of his legal argument under Rule 59, the U.S. Trustee argues that "cause" exists to vacate the dismissal order. *See* Mot. ¶ 30, ECF Doc. No. 16. More specifically, the U.S. Trustee's Rule 59 argument is that

> Here, the Court did not conduct a hearing prior to entering the Dismissal Order and the U.S. Trustee did not have the opportunity to inform the Court, among other things, that,: the U.S. Trustee was investigating the Debtor's case and whether to seek certain relief against the Debtor or Counsel; that the Debtor filed the case on the eve of trial to stop a scheduled trial; or the Debtor owns significant property, some of which may be available for administration by the Chapter 7 Trustee.

*Id.* ¶ 39. In this case, the Court issued a deficiency order to the debtor. The order provided:

> that failure to cure said deficiency(ies) within fourteen (14) days from the date the petition was originally filed, or to file a pleading within such time requesting a hearing upon such asserted deficiency(ies), may result in dismissal of the case, or sanctions being imposed, or such other remedy as the Court deems appropriate, without further notice or hearing.

*See* ECF Doc. No. 6. Indeed, relevant here, the use of "after notice and a hearing" in section 707(a), which governs dismissal of a chapter 7 case, has been interpreted by this Court consistent with the statutory construction directives of section 102(1). Namely, section 102(1) provides that

> "after notice and a hearing", or a similar phrase—
> (A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but
> (B) authorizes an act without an actual hearing if such notice is given properly and if—
> (i) such a hearing is not requested timely by a party in interest; or
> (ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act . . . .

4

11 U.S.C. § 102(1). The deficiency order entered by this Court put parties in interest, including the U.S. Trustee, on notice that dismissal is a possible outcome of the failure to cure the deficiency. Parties may request a hearing on the deficiency order. In this case, "such a hearing [was] not requested timely by a party in interest." *See id.* § 102(1)(B)(i).

Nonetheless, the U.S. Trustee now challenges the Court's practice of not holding a hearing in this case before dismissal. The failure of this Court to conduct a hearing on the dismissal resulted in manifest injustice, according to the U.S. Trustee, because "[t]he U.S. Trustee effectively did not have the opportunity to oppose the entry of the Dismissal Order and: the U.S. Trustee desires to have the opportunity to take action in this case." *See* Mot. ¶ 41, ECF Doc. No. 16.

The motion does not elaborate on the manifest injustice. The motion does not identify any harm to any particular party. Ms. Almy received no discharge in this case, no creditors' debts were thus discharged, and no property interests were affected. Dismissal of the case simply restored the status quo as if Ms. Almy had never filed her bankruptcy petition. At hearing, counsel for the U.S. Trustee provided no harm or evidence of manifest injustice, no intervening change in controlling law; and no new evidence.[3]

Furthermore, the motion does not cite any change in the law, newly discovered evidence, or clear error. At the hearing, the U.S. Trustee urged the Court to consider the existence of real estate that may be recoverable through an avoidance action as a basis to reconsider the dismissal. The U.S. Trustee failed to show how the existence of a potential avoidance action, or the presence of an interest in real estate, excuses the debtor from filing her statements and schedules. The U.S. Trustee's emphasis on the presence of an interest in real estate fails to alter the basis on which the

---

[3] The U.S. Trustee described transfers twenty-six years prior to the petition date affecting property that was the subject of state court litigation prior to the petition date. Such litigation may continue after the dismissal. The U.S. Trustee also described interests in certain parcels of real estate.

Court dismissed the case. The debtor failed to timely file statements and schedules; having an interest in real estate does not change this. Accordingly, the Court declines to vacate the dismissal order pursuant to Rule 59.

**Rule 60**

Federal Rule of Civil Procedure 60, incorporated by Federal Rule of Bankruptcy Procedure 9024 (with three express limitations inapplicable here), governs relief from a judgment or order. *See* Fed. R. Bankr. P. 9024(a). The U.S. Trustee moves under Rule 60(b).[4] *See* Mot. ¶ 43, ECF Doc. No. 16. Rule 60(b) lists grounds for relief from a final order, which are

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The U.S. Trustee argues that relief from the dismissal order in this case is appropriate under Rule 60(b)(1), and more explicitly for "excusable neglect." *See* Mot. ¶¶ 43–44, ECF Doc. No. 16. According to the U.S. Trustee, "by the filing of the Motion to Extend, the Debtor conveyed an intention to file the [balance of schedules] and prosecute her case. The U.S. Trustee had no knowledge the Debtor would fail to file the [balance of schedules]." *Id.* ¶ 45. The U.S. Trustee continues that

> Prior to the Debtor's failure to file the BOS by 11:59 p.m. on Friday, May 2, 2025, there was no cause for the U.S. Trustee to file a motion seeking to prevent the entry of the Dismissal Order. The next business day after the Debtor's failure to file the BOS the U.S. Trustee began taking action to prevent the dismissal of the case.

---

[4] The U.S. Trustee has not moved under Rule 60(a), which permits a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).

>Before the U.S. Trustee could file a motion seeking to prevent the entry of such order, the Clerk's Office docketed the Dismissal Order at 10:24 a.m. on Monday, May 5, 2025.

*Id.* ¶ 46. Based on these facts, the U.S. Trustee asserts that excusable neglect exists and thus that there is "cause" to vacate the dismissal order. *See id.* ¶ 47. The Court disagrees.

The U.S. Trustee implies that the failure to oppose dismissal prior to the entry of the dismissal order was a result of the neglect by the Office of the U.S. Trustee. The U.S. Trustee further argues that the neglect was excusable. It is unclear what the neglect was in this case. That is, the Court had imposed no filing deadline or other date by which the U.S. Trustee was compelled to take any particular action. It appears instead that the U.S. Trustee wished he had initiated independent actions, unrelated simply to the deficiency order, prior to the dismissal of the case.

But putting aside the question of whether there even was neglect (much less excusable neglect) on the part of the U.S. Trustee, the Court does not find cause to vacate the dismissal order. Vacating the dismissal order in this case leaves the Court with the same set of circumstances that existed at the time the Court entered the dismissal order. Ms. Almy was directed to file schedules and statements, she did not comply, and her case was dismissed. Reinstating the case will not result in the filing by Ms. Almy of the schedules and statements required by this Court's orders. If the Court vacates the dismissal order, the Court would in turn dismiss the case for failure to file the schedules and statements. Accordingly, the Court declines to vacate the dismissal order pursuant to Rule 60.

To recap, the Court reviewed this case and issued an order directing the filing of the schedules and statements by April 21, 2025, which the Court later extended to May 2, 2025. *See* ECF Doc. Nos. 6, 13; *see also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," which includes

section 521(a)(1)).  On May 5, 2025, the Court found cause to dismiss this case, pursuant to its deficiency order, because Ms. Almy failed to file the required schedules and statements.  *See* ECF Doc. Nos. 14, 20.  Upon reconsideration at the request of the U.S. Trustee, the Court finds no cause to vacate its order.

Accordingly, it is

**ORDERED**

That the U.S. Trustee's motion to reconsider and vacate the dismissal order, ECF Doc. No. 16, is **DENIED**.  The dismissal order remains in effect.

Copies of this Order are directed to be sent to the debtor by mail at 350 Bloomfield Road Charlottesville, VA 22903, former counsel of the debtor, the chapter 7 trustee, and the Office of the United States Trustee.

**End of Order**